13-1221 (L)
Sarker v. Lynch

BIA
Videla, IJ
A073 569 231

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*.
_____

MIZANUR RAHMAN SARKER, AKA
MOHAMMED MIZANUR RAHMAN,
        *Petitioner*,

        v.                                13-1221 (L),
                                          13-3290 (Con)
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:          Paul O'Dwyer, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Nancy E. Friedman, Senior

**Litigation Counsel; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the lead petition for review is DISMISSED, the consolidated petition is DENIED, and the pending motions are DISMISSED as moot.

Mizanur Rahman Sarker, a native and citizen of Bangladesh, seeks review of a March 5, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") August 3, 2011 decision denying his application for adjustment of status. *In re Mizanur Rahman Sarker*, No. A073 569 231 (B.I.A. Mar. 5, 2013), *aff'g* No. A073 569 231 (Immig. Ct. N.Y. City Aug. 3, 2011). Sarker also seeks review of an August 6, 2013 BIA decision denying his motion to reopen. *In re Mizanur Rahman Sarker*, No. A073 569 231 (B.I.A. Aug. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**13-1221 (L)**

Sarker does not challenge the agency's denial of his application for adjustment of status in either his brief to

this Court or his motion papers. Accordingly, he has waived any challenge to the denial of that application. Consequently, petition 13-1221 is DISMISSED and the Government's motion to sever the petitions and dismiss the case is DENIED as moot.

**13-3290 (Con)**

Sarker challenges the BIA's denial of his motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The motion must state the new facts to be considered at the reopened hearing, and must be supported by material, previously unavailable evidence. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). The "BIA may deny a motion to reopen" if "the movant has not established a prima facie case for the underlying

3

substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988). In order to establish prima facie eligibility for asylum, a movant must demonstrate "a realistic chance that he will be able to establish eligibility" during reopened proceedings. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted).

Regardless of whether Sarker's motion should be considered timely filed, or the filing deadline equitably tolled, the BIA denied the motion on the alternate ground that Sarker had not submitted material evidence to establish his prima facie eligibility for relief. The BIA did not abuse its discretion in denying the motion on that ground.

Sarker claims that he fears persecution in Bangladesh because he was involved in an adulterous relationship with a woman who is now his wife. However, the general country conditions evidence he submitted in support of his motion does not discuss how men are treated for perceived moral transgressions. There are articles discussing three instances in which women were beaten or killed in Bangladesh because they had affairs, but the evidence does not address how society treats adulterers of either sex. Further, the articles state that in each instance, those who harmed the

4

women were arrested.  Sarker argues that any harm to his wife in Bangladesh because of the adulterous origin of their relationship would constitute persecution of him as well.  However, "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."  *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007).  In any event, Sarker's wife is a U.S. citizen, and accordingly is not at risk of being ordered removed from this country.

Sarker presented no evidence to show that anyone in Bangladesh sought to harm him personally.  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  Sarker claimed that his family, and his wife's family, would seek to harm them because of their relationship.  Because the agency previously found Sarker not credible, however, and because he did not swear or attest to the truthfulness of his statement, the BIA did not err in giving the statement limited weight.  *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because the evidence Sarker submitted did not show his prima facie eligibility for asylum, the BIA did abuse its

discretion in denying his motion on that basis. And because the BIA's conclusion did not rely upon whether Sarker's motion was timely, his motion to remand to reconsider the timeliness of the motion is denied as moot.

For the foregoing reasons, the lead petition for review is DISMISSED, and the consolidated petition is DENIED. The Government's pending motion for summary denial of petition 13-1221, and Sarker's pending motion for remand to consider the timeliness of his motion to reopen, are DISMISSED as moot.

As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk